IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

PERNELL CARTER                                                                                    PETITIONER
ADC # 078790


VS.                          CASE NO. 5:18-CV-00141-JM-JTK


WENDY KELLEY, Director
Arkansas Department of Correction                                                       RESPONDENT



**PROPOSED FINDINGS AND RECOMMENDATIONS**

INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody, Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

For the reasons explained below, it is recommended Petitioner's Petition for Writ of Habeas Corpus (DE # 2) be DISMISSED with prejudice.

## Procedural History

In 2016, Petitioner pled guilty to first-degree murder in exchange for a thirty (30) year sentence (to be followed by 10 years' suspended imposition of sentence) before a Crittenden County Circuit Court. (DE # 12-2 pp. 2-4) At the plea hearing, the Petitioner acknowledged that he understood the rights he was giving up by entering a guilty plea. The sentencing order was filed on February 12, 2016. *Id.* Petitioner did not file a petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1.

After the expiration of time for filing for postconviction relief, Petitioner began filing a series of pleadings attacking his guilty plea and conviction. On October 27, 2016, Petitioner filed

a Motion to Modify Sentencing Order, requesting the court to modify his sentencing order to reflect what he alleged to be the true terms of his plea agreement. (DE # 12-2 pp. 17-20)  Subsequently, on November 4, 2016, Petitioner filed a Petition for Declaratory Judgment and Memorandum of Law making the same allegation that the true terms of his plea agreement, making him eligible for parole after serving 70% of his sentence, were not complied with and asking the court to "order that the 100% be removed and that Petitioner be eligible for parole after serving 70% of the thirty (30) year sentence." *Id*. at pp. 29-38.  On January 17, 2017, Petitioner filed a pro se Writ of Error Coram Nobis alleging that: (1) his co-defendant, Joseph Lee Toney, told him that the prosecutor coerced Co-Defendant Toney into falsely stating that Petitioner killed the victim; (2) that Fredrick Williams is the person that actually killed the victim, and Petitioner is "actually innocent of the murder"; (3) the prosecution withheld evidence (that Co-Defendant Toney claimed he made false statements about the Petitioner to get a reduced sentence), and Petitioner claims if he had known such information he would not have pled guilty; and (4) the "prosecutions nondisclosure of a promise to Co-Defendant Joseph Lee Toney that his First Degree Murder Charge would be reduced to Attempted First Degree Murder in exchange for his false testimony against Petitioner is a Due Process Violation that merits Petitioner being allowed to withdraw his 30 year plea deal and be granted a Jury Trial." *Id.* at 5-9.  Lastly, on June 29, 2017, Petitioner filed a pro se Petition for Writ of Mandamus with the Arkansas Supreme Court, requesting for the court to rule on the above-referenced pleadings. (DE # 12-3 pp. 1-5)  On June 27, 2017, the Crittenden County Circuit Court entered an Omnibus Order Denying Relief on the three pending pleadings.  (DE # 12-4 pp. 3-6)  The court dismissed the Motion to Modify Sentencing Order and Petition for Declaratory Judgment for lack of jurisdiction based on the untimeliness of the pleadings.  Regarding the Writ of Error Coram Nobis, the court found the Petitioner had not satisfied his heavy burden of showing

that the writ was warranted. *Id.* Accordingly, the Arkansas Supreme Court found the Petition for Writ of Mandamus moot on September 28, 2017. (DE # 12-5) Petitioner did not appeal the circuit court's denial of relief.

On June 6, 2018, the Petitioner filed his pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (DE # 2) Despite the Court's denial of Petitioner's motion to proceed in forma pauperis and order to pay the five-dollar filing fee within thirty (30) days, the Petitioner did not pay the filing fee. For that reason, the Court entered a Judgment on July 11, 2018, denying the petition without prejudice. (DE # 4) On August 10, 2018, Petitioner paid the filing fee, and the Court entered an order reinstating the case on August 23, 2018. (DE # 7) In his petition, Petitioner alleges the following: (1) ineffective assistance of counsel regarding his guilty plea; (2) that he is actually innocent of first degree murder because he did not kill the victim; and (3) that the prosecutor withheld material evidence. (DE # 2) Respondent filed her response on April 10, 2019, arguing that Petitioner is not entitled to habeas corpus relief because the petition is untimely and procedurally defaulted. (DE # 12) In his reply, Petitioner states that he has come into newly discovered evidence, the sworn affidavit of Alfredrick D. Alcorn which proves his innocence, that was not available to him at the time of his guilty plea, and therefore, he meets the requirements of *McQuiggin v. Perkins,* 569 U.S. 383 (2013) and *Schlup v. Delo*, 513 U.S. 298 (1995). (DE # 13)

Discussion

I.   **Statute of Limitations**

There exists a one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") for filing an application for a writ of habeas corpus by a person in custody pursuant to a state court judgment. 28 U.S.C.A. 2244(d)(1). The statute starts running from the date on which the judgment became final. *Id.* In this case, the Petitioner's

Sentencing Order was entered on February 12, 2016. Therefore, the Petitioner had through March 13, 2017, to timely file his application. *See Camacho v. Hobbs*, 774 F.3d 931, 934-35 (8th Cir. 2015) (holding the AEDPA's one-year limitation period begins to run from the date on which the thirty-day period in which to file an appeal expires, even for a criminal defendant who enters an unconditional guilty plea and generally has no right to appeal such plea). Pursuant to 28 U.S.C. § 2244(d)(2), "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." The Arkansas Court of Appeals found Petitioner's Motion to Modify Sentencing Order and Petition for Declaratory Judgment to be untimely; therefore, no time is excluded for the period in which those actions were pending. *See Allen v. Siebert*, 552 U.S. 3 (2007) (petition for state postconviction relief was rejected as untimely by the court, thus making it not "properly filed" under § 2244(d)(2)). The Petition for Writ of Error Coram Nobis did toll the statute of limitations from the time that it was filed on January 17, 2017, through June 27, 2017, when the circuit court denied relief. Therefore, 162 days of the statute of limitations is excludable, thereby extending the statute of limitations to August 22, 2017. Lastly, Petitioner's Writ of Mandamus with the Arkansas Supreme Court remained pending from June 29, 2017, until the date it was denied on September 28, 2017; and therefore, tolled the statute of limitations for another 92 days, making the new deadline November 22, 2017. Petitioner did not file this petition until June 4, 2018, and therefore, the petition is untimely.

## II.     Equitable Tolling

The United States Supreme Court held in *Pace v. DiGuglielmo,* that a petitioner is entitled to equitable tolling if he can prove: (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance prevented timely filing. 544 U.S. 408, 418 (2005). Petitioner

filed his federal habeas petition more than seven months after the statute of limitations expired. However, he provides no explanation for the untimeliness of the petition. Petitioner has not pursued his rights diligently. *See Nelson v. Norris*, 618 F. 3d 886 (8th Cir. 2010) (finding that petitioner was not diligent in pursuing his rights when he waited until nine months after the Arkansas Supreme Court denied rehearing to file his federal habeas petition) and *Pace,* 544 U.S. at 419 (finding that petitioner's lack of diligence precludes equity's operation where he waited five months after post-conviction proceedings became final before seeking relief in federal court). The Petitioner also has not presented any extraordinary circumstances beyond his control that made it impossible to file his petition on time. Accordingly, the Court finds that equitable tolling does not apply.

### III.     Actual Innocence – Equitable Exception to AEDPA

Petitioner argues that he is entitled to the equitable exception of actual innocence set out in *McQuiggin v. Perkins*, 569 U.S. 383 (2013). In *Perkins*, the United States Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass" to have his otherwise untimely petition considered. *Id.* at 386. The Court, however, cautioned "that tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court, that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id*. (citing *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Furthermore, the Court held that a petitioner's diligence in proffering new evidence as well as the "likely credibility of [a petitioner's] affiants bear on the probable reliability of . . . evidence [for actual innocence]." *Id.* at 399 (citing *Schlup*, 513 U.S. at 332). In conclusion, the Supreme Court held in *Perkins* that "[t]he gateway should

6

only open when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial.'" *Id.* at 401 (quoting *Schlup*, 513 U.S. at 332).

Here, the Petitioner argues that he is entitled to the actual innocence exception set forth in *Perkins* because of a July 14, 2016, affidavit of his co-defendant Joseph Toney, in which Toney states that Petitioner is not the person who actually killed the victim. In his Reply, Petitioner also points to an affidavit of Alfredrick D. Alcorn, dated February 27, 2019, in which he states that Petitioner is not the person that killed the victim. It should be noted that Petitioner references the affidavit as being attached as "Exhibit A," however, no such affidavit is attached. Petitioner argues that the affidavits of his co-defendants "clear" him of the murder of Eddie Williams, Jr., and if he had been aware of this "newly discovered evidence," he would not have pled guilty to thirty (30) years in prison. (DE # 13) The affidavit of Joseph Toney and the alleged affidavit of Alfredrick D. Alcorn is hardly adequate to satisfy the standard set forth in *Perkins*. First, the Eighth Circuit Court of Appeals has consistently held that "[c]ourts look upon recantations with suspicion." *United States v. Miner*, 131 F.3d 1271, 1273 (8th Cir. 1997). Second, and most importantly, at the Petitioner's plea hearing, he pled guilty to "unlawfully, with the purpose of causing the death of another person, Eddie Williams, Jr., born November 25, 1971, *you or an accomplice* caused the death of another person, Eddie Williams, against the peace and dignity of the state of Arkansas." (Emphasis added). (DE # 12-4 pp. 8-9) Petitioner, along with two other co-defendants, physically attacked a victim, who died, and by Petitioner's own admission he was either the person that caused the death of the victim or he was an accomplice to the crime. Therefore, Petitioner's argument that the affidavits of his co-defendant's stating that he didn't "actually kill" the victim satisfy the exception set out in *Perkins*, is without merit. The Petitioner has not set forth nearly enough to convince this Court that no juror, acting reasonably, would have found the Petitioner guilty beyond

a reasonable doubt, even with the recantations. The Petitioner has not set forth new evidence of actual innocence sufficient to excuse the untimeliness of his petition, and therefore, it should be dismissed with prejudice. Because the petition is untimely, the Court need not address the procedural default of Petitioner's claims.

### Certificate of Appealability

When entering a final order adverse to the Petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Petitioner has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Petitioner has not provided a basis for issuing a certificate of appealability.

### Conclusion

Based on the foregoing, it is recommended that the instant habeas petition (DE #2) be denied and dismissed with prejudice and that a certificate of appealability be denied.

SO ORDERED this 13th day of June, 2019.

_____
UNITED STATES MAGISTRATE JUDGE